[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 24, 2010
JOHN LEY
CLERK

No. 09-11814
Non-Argument Calendar

_____

Agency No. A098-735-425

RODOLFO SUPERLANO JIMENEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 24, 2010)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Rodolfo Superlano Jimenez, a native and citizen of Venezuela, petitions for

review of the Board of Immigration Appeals' ("BIA") decision, affirming the Immigration Judge's ("IJ") order denying his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), INA §§ 208, 241; 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c). Superlano Jimenez first argues that the IJ and BIA erred in finding him not credible because his testimony was truthful and sufficiently detailed, he was not required to provide corroborating evidence, and the IJ did not explain its adverse credibility determination. Superlano Jimenez next argues that the IJ and BIA erred in finding that he was not entitled to asylum, withholding of removal, or CAT relief, and asserts that he established past persecution and a well-founded fear of persecution on account of his political opinion.

As an initial matter, the record below shows that Superlano Jimenez exhausted his claims as to the adverse credibility determination and denial of asylum. However, we lack jurisdiction to consider his arguments that he is entitled to withholding of removal or CAT relief, because he failed to raise those arguments before the BIA. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (stating that we lack jurisdiction to consider a claim that was not raised before the BIA, even if the BIA reviews the issue sua sponte).

2

When evaluating a petition to review a final order of removal, we review the BIA's decision, except to the extent that the BIA expressly adopted the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, although the BIA did not expressly and specifically adopt the IJ's decision or reasoning, insofar as it agreed with the IJ's findings regarding credibility without offering further analysis, we review the decisions of both the IJ and the BIA. See id.

We review findings of fact under the "substantial evidence test," and must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). Under the highly deferential substantial evidence test, we consider "only whether there is substantial evidence for the findings made by the BIA, not whether there is substantial evidence for some other finding that could have been . . . made." Adefemi v. Ashcroft, 386 F.3d 1022, 1029 (11th Cir. 2004) (en banc) (emphasis omitted). We review the record evidence in the light most favorable to the agency's decision and may not overturn findings of fact unless the record compels it. Forgue, 401 F.3d at 1286-87. A credibility determination is a factual finding reviewed under the substantial evidence test. Id. at 1287.

An alien may qualify for asylum by showing either: (1) past persecution

based on a protected ground, or (2) a "well-founded fear" that the alien will be persecuted based on a protected ground. Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1290 (11th Cir. 2006). A showing of past persecution creates a presumption of a "well-founded fear," subject to rebuttal by the government. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (2005). If he cannot show past persecution, then the petitioner must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable. Al Najjar, 257 F.3d at 1289. This Court has held that persecution is an "extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Zheng, 451 F.3d at 1290 (quotation omitted).

The alien carries the burden of showing eligibility for asylum, and must offer "credible, direct, and specific evidence in the record" to establish eligibility for asylum. Forgue, 401 F.3d at 1287 (quotation omitted). If the applicant's testimony is credible, it alone may be sufficient to satisfy his burden of proof. See 8 C.F.R. § 208.16(b); Forgue, 401 F.3d at 1287. "The weaker an applicant's testimony, however, the greater the need for corroborative evidence." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). An adverse credibility determination "does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant." Forgue, 401 F.3d at 1287. However, if the IJ makes an

4

adverse credibility determination, and the applicant produces no other corroborating evidence, the IJ can deny the applicant relief from removal solely on the basis of that determination. See Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230-31 (11th Cir. 2006).[1]

An adverse credibility determination is made when the IJ or BIA states explicitly that the applicant's testimony was not credible, and provides specific, cogent reasons for this finding. See Yang, 418 F.3d at 1201 (noting that the IJ must make a "clean" credibility finding). Once an adverse credibility finding is made, the applicant has the burden to show that "the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." Forgue, 401 F.3d at 1287 (quotation omitted).

Substantial evidence supports the IJ's and BIA's adverse credibility finding because (1) the IJ and BIA made an explicit determination of adverse credibility; (2) the IJ gave specific and cogent reasons for his credibility determination; (3) Superlano Jimenez's testimony and asylum application were vague; and (4) he

---

[1] The REAL ID Act of 2005 provides that an adverse credibility determination may be based on inconsistencies that do not go "to the heart of the applicant's claim." See Pub. L. No. 109-13, § 101(a)(3), (d)(4)(C), 119 Stat. 231, 303, 305 (codified at 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1229a(c)(4)(C). Because Superlano Jimenez's application was filed before these amendments became effective on May 11, 2005, they do not apply to his claims. Nonetheless, we need not resolve whether adverse credibility determinations in pre-REAL ID Act cases must be based on inconsistencies that go to the heart of the claim because the inconsistencies identified by the IJ and the BIA in this case relate directly to Superlano Jimenez's claims of persecution.

did not produce any evidence that corroborated his claims. Thus, the record does not compel us to reverse the IJ's and BIA's adverse credibility determination.

Substantial evidence also supports the IJ's and BIA's finding that Superlano Jimenez failed to show past persecution or a well-founded fear of persecution based on a protected ground, and he has failed to point to any evidence that compels a reversal of that finding. Accordingly, we deny Superlano Jimenez's petition for review as to the adverse credibility determination and denial of asylum.

Because Superlano Jimenez failed to raise his claims of withholding of removal and CAT relief before the BIA, and thus failed to exhaust his administrative remedies, we lack jurisdiction to review those claims. Accordingly, we dismiss Superlano Jimenez's petition as to his withholding of removal and CAT relief claims.

PETITION DENIED IN PART, DISMISSED IN PART.